UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHEASTERN DIVISION

| | |
|---|---|
| ORAN CAUDLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:11CV009 JCH |
| | ) |
| KATHY GONZALES, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Plaintiff's Motion to Compel Discovery Responses ("Motion"), filed on July 26, 2011. (Doc. No. 15). In his Motion, Plaintiff asks this Court to order Defendants Thomas Cabera, Elizabeth Conley and Gary Campbell "to fully respond to Plaintiff's requests for production." (Id., p. 1).

Upon review of the motion, however, the Court notes that most of the disputed discovery is irrelevant to this litigation. A number of the requests relate to CMS, who has been dismissed from this litigation. See, e.g., Request No. 2 (CMS protocol manual), No. 3 (CMS's subcontractor agreement with any other defendant or witness), No. 4 (financial incentives offered to CMS employees), No. 5 (index of CMS corporate policies), No. 6 (CMS liability insurance), No. 7 (bonuses paid by CMS to defendants), No. 11 (CMS disciplinary policies), No. 12 (memoranda by CMS employees regarding liability for civil rights violations), No. 16 (CMS's contract with the State of Missouri), No. 18 (list of CMS's stockholders). These requests are not relevant to the claims against the remaining, individual defendants. Plaintiffs' motion to compel related to these requests are denied.

In addition, a number of the other requests pertain to other, unrelated complaints made against these Defendants. See Request No. 8 (medical or healing arts suspensions and restrictions for

defendants), No. 9 (curriculum vitae for each Defendant), and No. 10 (I.R.R.'s, grievances and grievance appeals filed against each Defendant). The Court finds that information associated with any prior allegations are not relevant to Plaintiff's claim for deliberate indifference against these medical professionals. Plaintiff's motion compel related to these requests are denied.

Plaintiff, however, does seek potentially relevant information in his first document request. In that request, Plaintiff's solicits the following:

> a complete copy of Plaintiff's MARS medical notes, including all requests for medications and specialist referrals, all approvals and denials of medications and specialist referrals, all approvals and denials of medications and specialist referrals, if any, all hard copies of Plaintiff's medical files, including hand written notes, specialist reports and notes, all written or recorded memoranda, and/or e-mails between any of the Defendants and any other employee of [CMS], concerning Plaintiff's medical care or the facts of this case, excluding communications with Defendants' counsel, a copy of any risk assessment reports generated by CMS' risk assessment software or computer program, and any e-mails generated as a result of the risk assessment reports

In response, Defendants provided Plaintiff's medical chart. (ECF No. 15-2, p. 2). Plaintiff complains that Defendants only provided a partial copy of his medical files. (Motion, ¶2). Plaintiff's medical record is relevant to his claims of deliberate indifference to his medical needs. The Court orders Defendants to produce Plaintiff's complete medical file.

The latter part of the first document request, however, does not appear relevant to this litigation. Plaintiff has not identified how the risk assessment reports relate to a claim for deliberate indifference to his medical condition. The Court, therefore, denies Plaintiff's request as it relates to the risk assessment reports.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (Doc. No. 15) is **GRANTED**, in part, and **DENIED**, in part. Defendants have fourteen (14) days from the date of this Order to supplement their document production to provide Plaintiff's complete medical file. The rest of Plaintiff's Motion to Compel is denied, without prejudice.

Dated this 28th day of July, 2011.

/s/Jean C . Hamilton

UNITED STATES DISTRICT JUDGE