UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHEASTERN DIVISION

| | |
|---|---|
| ORAN CAUDLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:11CV009 JCH |
| ) | |
| KATHY GONZALES, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Dismiss of Defendant Dr. Tomas Cabrera[1] for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 21), the Motion to Dismiss of Defendant Dr. Gary Campbell for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 23), the Motion to Dismiss of Defendant Elizabeth Conley for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 25), and the Motion to Dismiss of Defendants Dr. Tomas Cabrera, Dr. Elizabeth Conley, and Dr. Gary Campbell for Failure to Exhaust Administrative Remedies (ECF No. 35).

**BACKGROUND**

At this stage of the litigation, Plaintiff alleges two counts (Count I and III) pending against three defendants, Dr. Tomas Cabrera, Dr. Elizabeth Conley, and Dr. Gary Campbell.[2] Defendant Tomas Cabrera was a medical doctor employed by CMS during the relevant time period. (Complaint under 42 U.S.C. §1981, §1983, §1985, §2000 and the Civil Rights Acts of 1871, 1964 and 2000

---

[1] In Defendants' filings, Dr. Cabrera spells his name "Tomas", not "Thomas," as indicated in the Complaint.

[2] This Court dismissed the other counts and defendants upon its initial review of the Complaint. (ECF No. 4).

("Compl."), ECF No. 1, ¶6). Defendants Elizabeth Conley and Gary Campbell were osteopathic doctors employed by CMS during the relevant time period. (Compl., ¶¶8, 9). In Count I, Plaintiff alleges that the Defendants "knew or reasonably should have known that when the Plaintiff personally informed them, and several in writing, that he was suffering severe pain in his abdomen, liver, kidney, pelvic area, testicles, anus, lower spinal area and other areas," and that Defendants "deliberately denied, delayed and/or refused to provide him with any pain relief and treatment within the community [sic] standard of care." (Compl., ¶50). In Count III, Plaintiff alleges that Defendants "knew or reasonably should have known that when they interfered with Defendant Vogt's prescribed medical treatment for the Plaintiff to be sent to the theramix surgical procedure with pain medicine and anti-spasm medication, and they refused to do so, [this caused] the Plaintiff to suffer more than thirty minutes of a grossly invasive, internal surgical procedure without any anesthetic, pain relief or anti-spasm medication, [and caused] Plaintiff to intentionally suffer excruciating pain, and thereafter denied him any pain management or antibiotics[.]" (Compl., ¶63). Plaintiff claims Defendants' actions were below the established standard of care, constituted cruel and unusual punishment, and violated the Eighth and Fourteenth Amendments to the United States Constitution. (Id.).

## STANDARD OF REVIEW

A motion under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the Complaint. In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)); Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted) (The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party."). A motion to dismiss must be granted if the Complaint does not contain "enough

facts to state a claim to relief that is plausible on its face." C.N. v. Willmar Pub. Sch., 591 F.3d 624, 630 (8th Cir. 2010)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 78 S. Ct. 99 (1957)).  While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

### I.    Motions to Dismiss for Failure to State a Claim (ECF Nos. 21, 23, 25)

Defendants assert that Plaintiff has not alleged facts that would support a finding that Defendants were aware that Plaintiff had a serious medical need or that they deliberately disregarded that need.  To prove his deliberate indifference claim, plaintiff must present evidence showing the defendant physicians committed "acts or omissions sufficiently harmful to evidence deliberate indifference to [plaintiff's] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  A prima facie case alleging deliberate indifference requires the inmate to demonstrate he suffered from an objectively serious medical need and prison officials actually knew of, but deliberately disregarded, the need. Meuir v. Greene County Jail Emps., 487 F.3d 1115, 1118 (8th Cir. 2007) (citing Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)); see also Jolly v. Badgett, 144 F.3d 573, 573 (8th Cir. 1998) (defining serious medical need as one which is obvious to a layperson).  "But a total deprivation of care is not a necessary condition for finding a constitutional violation: 'Grossly incompetent or inadequate care can [also] constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'"

Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010)(quoting Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990)). To state a claim based on "inadequate medical treatment . . . [t]he plaintiff 'must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006) (quoting Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995)).

First, Defendants posit that Plaintiff does not allege sufficient facts to support his claim that the Defendants had actual knowledge of Plaintiff's medical complaints. (ECF No. 22, p. 5; ECF No. 24, p. 4; ECF No. 26, p. 4). Defendants note that Plaintiff alleges that they "knew or reasonably should have known" of Plaintiff's medical complaints and suggest that such allegation is merely a legal conclusion and that it is "not factually plausible that this Defendant had knowledge of such medical complaints." (ECF No. 22, p. 5; ECF No. 24, p. 4; ECF No. 26, p. 4). Although a close call, the Court finds that this *pro se* Plaintiff's allegations are sufficient to withstand Defendants' motion to dismiss. Plaintiff alleges that he "personally informed them, and several in writing" regarding his ailments. (Compl., ¶50). Plaintiff's allegation that he provided each defendant actual notice is sufficient to withstand Defendants' motion to dismiss. See also Nelson v. Corr. Med. Servs., 583 F.3d 522, 542 (8th Cir. 2009)(noting that a complaint of pain may put on officer on notice of an unattended serious medical need or gratuitous infliction of pain).

Second, Defendants assert that Plaintiff's Complaint does not rise to the level of a constitutional violation "because it appears from the complaint that Plaintiff has a mere disagreement with the treatment decisions made by the doctors and nurses." (ECF No. 22, p. 5; ECF No. 24, p. 5; ECF No. 26, p. 5). Here, Plaintiff alleges that the Defendants did not provide him with pain medication in conjunction with surgery and did not give him pain medication or antibiotics after his surgery. (Compl., ¶¶50, 63). These allegations constitute more than a mere disagreement over the

course of treatment; he alleges a complete lack of any attempt to manage his pain during and after an invasive surgery. Cf. Steele v. Weber, 278 Fed. Appx. 699, 700 (8th Cir. 2008)(the Eighth Circuit affirmed the district court's grant of summary judgment on plaintiff's Eighth Amendment claim where prison officials performed a variety of tests and tried several different medications and methods to treat plaintiff's pain; the record showed a mere disagreement with the course of treatment and no constitutional violation). Defendants' alleged refusal to provide pain medication and antibiotics is sufficient to state a claim for deliberate indifference.

Finally, Defendants claim that Plaintiff does not allege "how the failure to provide certain medication (for which he does not state which medication should have been given) and the failure to order a pill camera resulted in damage to any serious medical condition." (ECF No. 22, p. 5; ECF No. 24, p. 5; ECF No. 26, p. 5). Defendants misstate Plaintiff's allegations. Plaintiff alleges that Defendants failed to provide him with pain medication before undergoing a medical procedure and failed to provide pain medication and antibiotics thereafter. (Compl., ¶¶50, 63). As previously noted, Defendants' alleged failure to provide pain medication in conjunction with surgery is sufficient to state a claim for deliberate medical indifference. Cf. Steele, 278 Fed. Appx. at 700. Plaintiff does not have to identify alternative medications to allege a constitutional violation.

Based upon the foregoing, the Court denies Defendants' Motions to Dismiss (ECF Nos. 21, 23, 25).

## II.     Motion to Dismiss for Failure to Exhaust (ECF No. 35)

Defendants seek to dismiss this case pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e, for failure to exhaust administrative remedies. Defendants assert that Plaintiff did not exhaust the claims alleged in paragraphs 37, 39 and 42 of Plaintiff's Complaint. In paragraph 37, Plaintiff alleges that "[o]n September 23, 2010, Plaintiff reported to sick call to report that the

meloxicam was doing nothing in the form of pain relief and he was still in severe pain.  Plaintiff was refused all treatment, pain relief and otherwise and was sent away in severe pain."  In paragraph 39, Plaintiff alleges that during an office visit with Dr. Cabrera on September 30, 2010, he complained of severe pain, but was refused pain medication.  In paragraph 42, Plaintiff alleges that he developed severe hemorrhoid and suffered severe pain after the Theramix treatment, but was denied any medication by Drs. Conley and Campbell.

Defendants assert that Plaintiff never filed an IRR, Grievance or Grievance appeal with regard to the specific allegations mentioned in paragraphs 37, 29 and 42.  (ECF No. 36, ¶¶2, 4, 6). Defendants state that Plaintiff has failed to exhaust the administrative remedies for his claims related to paragraphs 37, 39 and 42.  "'Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues.'" Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003)(quoting Booth v. Churner, 532 U.S. 731, 741, n. 6 (2001). The available administrative remedy must be exhausted before a complaint under § 1983 may be entertained.  Johnson, 340 F.3d at 627 (citing Booth, 532 U.S. at 738).

Defendants argue that Plaintiff's entire action must be dismissed for his alleged failure to exhaust his administrative remedies on any one claim or any defendant, *i.e.*, Plaintiff's failure to exhaust the claims in paragraphs 37, 29 and 42 of the Complaint.  ECF No. 36, ¶12 (citing Abdul-Muhammad v. Kempker, 450 F.3d 350, 352 (8th Cir. 2006)).[3]  The precedent cited by Defendants, however, has been overruled by the United States Supreme Court.  See Jones v. Bock,

---

[3]See Abdul-Muhammad, 450 F.3d at 352 ("when an inmate joins multiple prison-condition claims in a single complaint, as in this case, § 1997e(a) requires that the inmate exhaust all available prison grievance remedies as to all of his claims prior to filing suit in federal court.... If all available administrative remedies have not been exhausted as to all claims before the suit is filed, dismissal of the complaint is mandatory.").

127 S. Ct. 910, 922 (2007)("nothing in the [PLRA] imposes a 'name all defendants' requirement"); Bostic v. Babich, 2007 U.S. Dist. LEXIS 27109, at *2 (E.D. Mo. Apr. 12, 2007)(noting that United States Court overruled Abdul-Muhammad's complete exhaustion requirement).  Based upon this Supreme Court precedent, Defendants' Motion to Dismiss the entire action on this basis is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Motion to Dismiss of Defendant Dr. Tomas Cabrera for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 21), the Motion to Dismiss of Defendant Dr. Gary Campbell for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 23), the Motion to Dismiss of Defendant Elizabeth Conley for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 25), and the Motion to Dismiss of Defendants Dr. Tomas Cabrera, Dr. Elizabeth Conley, and Dr. Gary Campbell for Failure to Exhaust Administrative Remedies (ECF No. 35) are **DENIED**.

Dated this 31st day of October, 2011.

    /s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE