UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ORAN CAUDLE, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 2:11CV9 JCH |
| KATHY GONZALEZ, et al., | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Dr. Tomas Cabrera, Dr. Elizabeth Conley, and Dr. Gary Campbell's Motion to Dismiss, pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Court's previous discovery orders, filed on November 11, 2011. (ECF No. 47). This matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff is a prisoner currently confined at the Northeast Correctional Center ("NECC") in Bowling Green, Missouri. (Complaint, ECF No. 1, ¶ 1). Defendant Cabrera was a medical doctor and Defendants Conley and Campbell were osteopathic doctors providing care to prisoners at NECC during the relevant time period. (Id., ¶¶ 6, 8, and 9).

Plaintiff began to experience severe pain in his abdomen, pelvis, and testicles in or around the summer of 2009. (Id., ¶ 15). According to Plaintiff, nurses at the NECC repeatedly refused to permit him to see a doctor. (Id., ¶ 18). Plaintiff alleges Defendant Cabrera provided him only with ineffective over-the-counter medication that did not relieve his pain. (Id., ¶ 21). Defendant Cabrera provided Plaintiff with a urology referral on May 5, 2010, and a CT scan on June 3, 2010, revealed renal calculi, a cyst on Plaintiff's liver, and diverticulitis. (Id., ¶ 25). Plaintiff was also subsequently

diagnosed with prostatis. (Id., ¶ 27). Plaintiff was prescribed medication for these conditions but was not given "any real or substantive pain relief." (Id., ¶ 27).

On October 4, 2010, Plaintiff underwent a procedure to remove scar tissue from his prostate. (Id., ¶ 40). Plaintiff developed severe hemorrhoids after the procedure. (Id., ¶ 42). Plaintiff alleges Defendants Conley and Campbell denied him all post-surgery medications he was prescribed. (Id.). Plaintiff also alleges he repeatedly sought treatment for his severe and chronic pain and that he was repeatedly denied all pain management. (Id., ¶ 45). According to Plaintiff, prison officials falsified reports to state that Plaintiff had all the required medications and treatment to combat his pain, and Plaintiff's written complaints of deliberate indifference to his medical needs were ignored. (Id., ¶¶ 47, 48).

Plaintiff filed his Complaint against Defendants on February 7, 2011, alleging Defendants were seriously indifferent to his serious medical need in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Defendants served Interrogatories and Medicare/Medicaid Interrogatories on Plaintiff on June 29, 2011. (Motion to Dismiss, ¶ 1). Plaintiff objected to most of the Interrogatories and Medicare/Medicaid Interrogatories. (Id., ¶ 2). On August 2, 2011, counsel for Defendants sent a good-faith letter to Plaintiff requesting more complete answers to the Interrogatories and Medicare/Medicaid Interrogatories. (Id., ¶ 3). Defendants filed a Motion to Compel Plaintiff's answers on September 2, 2011, and the Court granted Plaintiff until September 21, 2011, to provide Plaintiff's answers. (Id., ¶ 4; see also ECF Nos. 28, 30). The Court later granted Plaintiff until November 14, 2011, to file a response to Defendants' Motion to Compel. (Id., ¶ 5). Defendants received additional answers to their Interrogatories from Plaintiff on November 17, 2011. (Id., ¶ 6).

As noted above, Defendants filed their Motion to Dismiss due to Plaintiff's failure to respond to Defendants' discovery requests on November 11, 2011. Defendants assert Plaintiff has not fully answered many Interrogatories and has not further answered Defendants' Medicare/Medicaid Interrogatories and Defendants' Requests for Production. (Id., ¶ 7). Plaintiff responds that he has answered Defendants' discovery requests to the best of his ability.

**DISCUSSION**

As an initial matter, the Court notes that Defendants have failed to file a memorandum in support of their Motion to Dismiss, as required by Local Rule 7-4.01(A).[1] While this alone is sufficient grounds for the Court to deny Defendants' Motion to Dismiss, the Court finds Defendants' Motion to Dismiss must also fail on the merits. While the copies of Plaintiff's answers and responses to Defendants' discovery requests that Defendants provided as exhibits to their Motion to Dismiss are faint and difficult to read, it appears Plaintiff has provided answers and responses to all of Defendants' discovery requests. Plaintiff did lodge numerous objections to Defendants' requests, but Plaintiff also provided answers to Defendants' requests that he indicated were supplied without waiving his objections. Thus, Plaintiff has answered Defendant's discovery requests, and the Court will not dismiss Plaintiff's claims.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Dr. Tomas Cabrera, Dr. Elizabeth Conley, and Dr. Gary Campbell's Motion to Dismiss (ECF No. 47) is **DENIED**.

---

[1] Local Rule 7-4.01(A) provides as follows: "Unless otherwise directed by the Court, the moving party shall file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies. If the motion requires consideration of facts not appearing in the record, the party also shall file all documentary evidence relied upon."

Dated this  14th  day of June, 2012.

                                        /s/ Jean C. Hamilton  
                                        UNITED STATES DISTRICT JUDGE